# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| VIVIAN REDDING, | : | |
| Plaintiff, | : | Civil Action |
| | : | No. 5:07-cv-451 |
| v. | : | |
| NORBORD GEORGIA, INC., | : | |
| Defendant. | : | |

## ORDER ON MOTION FOR APPOINTMENT OF COUNSEL

Before the Court is the motion of Plaintiff Vivian Redding for appointment of counsel (Doc. 2). In her Complaint, Plaintiff has alleged that her employment was terminated on the basis of her race and in retaliation for her attempt to report hazardous work conditions. In civil cases there is no automatic right to appointed counsel. Hunter v. Department of Air Force Agency, 846 F.2d 1314, 1317 (11th Cir. 1988). To determine whether appointment of counsel is required, district courts consider factors such as the merits of the plaintiff's claims, the efforts taken by the plaintiff to obtain counsel, the ability of the plaintiff to understand the relevant legal and factual issues, and the financial capacity of the plaintiff. Id.

Plaintiff has not set forth sufficient reasons to justify the appointment of counsel. Plaintiff has presented no information as to her efforts to obtain counsel or as to her financial situation. Plaintiff indicates in her motion that she is retired from the Georgia National Guard after twenty years of service. She states that she tried to retain an attorney but does not describe whether she met with more than one attorney, whether she sought pro bono assistance from legal services agencies, or whether any contingent fee arrangement was discussed. From the bare allegations of the complaint, the Court cannot determine the relative merits of Plaintiff's claims. There is nothing on

the face of the complaint to indicate that Plaintiff's claims are any more complicated than the hundreds of pro se complaints this Court receives every year, and with her twenty years of experience Plaintiff is at least as sophisticated as the majority of *pro se* litigants who appear before this Court.  Given the information submitted by Plaintiff, the Court cannot find that this case warrants appointed counsel.  Accordingly, Plaintiff's motion for appointment of counsel is **DENIED**.

The Court notes that Plaintiff's period for service of process expired on March 30, 2008.  In light of the present Order denying appointment of counsel, the Court will grant Plaintiff an additional sixty (60) days to make proper service of her Complaint upon Defendant. Plaintiff must effect service no later than May 30, 2008, or face the dismissal of her claims.

**SO ORDERED**, this 24th day of April, 2008.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

chw